UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY, | No. 2:18-cv-1919 AC |
| Plaintiff, | |
| v. | ORDER |
| TOTAL RENAL CARE, INC., et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.  The Complaint

Plaintiff brings three constitutional claims—for violation of his Eighth Amendment, Equal Protection, and First Amendment rights—against four private medical care entities and eleven of their employees; one additional defendant is identified as a prison doctor. ECF No. 1 at 2-3. The complaint alleges that all defendants conspired together to commit medical malpractice and deliberate indifference to plaintiff's medical needs. The complaint's narrative is difficult to follow and contains no clear chronology, but it appears that plaintiff was a dialysis patient who was restrained against his will and allegedly contrary to CDCR policy during treatments. Plaintiff developed stenosis of the veins and clotting at his access site as a result of defendants' actions, which required emergency surgery. He complained about his poor treatment, and as a result he was placed in isolation, deprived of access to a kidney transplant, deprived of de-clotting treatments, and effectively denied dialysis. Plaintiff had a catheter placed in his artery that caused a staph infection and cardiac complications. He was returned to prison with the infected catheter. Plaintiff claims that this course of mistreatment demonstrates deliberate indifference to his medical needs, violated his right to equal protection, and was retaliatory for his complaints about substandard care and violations of policy.

////

////

IV. <u>Failure to State a Claim</u>

42 U.S.C. § 1983 provides a cause of action for constitutional violations committed by persons acting under color of state law; section 1983 claims do not lie against purely private entities or against persons who are not acting on behalf of the state. <u>West v. Atkins</u>, 487 U.S. 42, 58 (1988). As a general matter, private hospitals and doctors are not state actors and therefore cannot be sued under § 1983. See <u>Briley v. California</u>, 564 F.2d 849, 855-856 (9th Cir. 1977). Here, fifteen out of sixteen named defendants are private entities and individuals. The complaint identifies the four corporate defendants—Total Renal Care, Davita Healthcare, San Joaquin Kidney Clinic, and San Joaquin General Hospital— as "private subcontractor providers" to CHCF-Stockton and CDCR, ECF No. 1 at 2, but this characterization alone is insufficient to establish state action. Plaintiff must plead *facts* demonstrating that the actions of private defendants are attributable to the state. <u>Grijalva v. Shalala</u>, 152 F.3d 1115, 1119 (9th Cir. 1998), <u>vacated on other grounds by</u> 526 U.S. 1096 (1999). Because the complaint does not state facts supporting the fundamental statutory predicate for § 1983 liability, it fails to state any claim.

Plaintiff's allegations do not plausibly support the existence of a conspiracy of the private actors with the one prison doctor named as a defendant, or among themselves. See <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998) (to allege a conspiracy under Section 1983, plaintiff must provide facts that demonstrate an agreement or a meeting of the minds amongst the defendants to violate his constitutional rights). The complaint presents a confusing litany of events involving a large number of individuals, all related to plaintiff's medical care. But that is not enough to show that the defendants all agreed with each other to deny plaintiff proper medical care. No facts in the complaint support such an inference.

Regarding the omnibus Eighth Amendment medical claim, the complaint does not set forth a coherent chronology of events, identify which defendant did what, or otherwise clarify the nature of the discrete acts alleged to have violated plaintiff's rights or the roles of each defendant in those alleged violations. To state a claim for relief against any defendant, plaintiff must identify his or her specific acts. See generally <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988) (complaint must set forth specific facts with respect to each defendant's role in an alleged

4

constitutional deprivation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). To state a deliberate indifference claim as to any defendant, plaintiff must plead facts demonstrating that individual's knowledge of a serious medical risk and conscious failure to address it. See Farmer v. Brennan, 511 U.S. 825, 845 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Negligence and even medical malpractice do not rise to this level. Toguchi, 391 F.3d at 1057.

Plaintiff's conclusory assertion that defective medical care violated his right to equal protection does not state a claim. To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003). There are no such allegations here.

Finally, the complaint does not provide facts supporting the conclusory assertion that inadequate medical care was provided in order to retaliate against plaintiff for exercising his First Amendment rights. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).

It is clear from the complaint that plaintiff has serious medical needs, and that he believes this needs have been incompetently addressed by multiple providers. However, for the reasons explained above the complaint fails to state any legal claim upon which relief may be granted. Plaintiff will be provided an opportunity to amend.

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how

each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The court has screened your complaint and finds that the facts you have alleged are not enough to state a claim for relief. You may try to amend your complaint. An amended complaint will only be allowed to proceed if it includes facts showing that the private healthcare providers were acting "under color of law." This is because Section 1983 allows you to sue public officials, not private doctors and entities in most cases.

To successfully allege deliberate indifference to your medical needs, you must state exactly what each defendant did or didn't do and show they were aware that their own acts or omissions put you at risk of harm. Be sure to tell the story of what happened in order, sticking to the facts of who did what, when, and how.

An equal protection claim may proceed only if you state facts showing that you were treated differently from other patients because you are part of a protected group such as a racial

minority. A retaliation claim may only proceed if you state facts showing that you were treated badly out of a desire to get back at you for activity protected by the First Amendment, such as complaining about public officials.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint does not state a claim for relief and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 6, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE